IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXACO INC. & SUBSIDIARIES,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant.<br>_____ / | No. C 04-0316 SBA<br><br>**ORDER** |

This matter comes before the Court on Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Partial Summary Judgment. On June 7, 2005, the Court held a hearing on the parties' respective motions. Based on the arguments presented by the parties in their papers and during the hearing, the Court DENIES both motions.

## **LEGAL STANDARD**

### A.   **Summary Judgment**

Summary judgment is proper where it is established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment is warranted against a party that "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B.   **Statutory Interpretation**

Where the meaning of a statute is unambiguous, the Court's interpretation should begin and end there. *Bedroc Limited LLC et. al. v. United States, et. al.*, 124 S.Ct. 1587, 1593 (2004). However,

where the statute is ambiguous, the Court should look to sources outside of the statute to discern congressional intent. *United States v. Buckland*, 289 F.3d 558, 565 (9th Cir. 2002). "[T]he general rule of statutory construction [is] that exemptions from remedial statutes . . . are to be narrowly construed." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 105 (3d Cir. 1990).

## **DISCUSSION**

Both Defendant's Motion and Plaintiff's Cross-Motion involve the sole issue of whether as a matter of law Plaintiff qualifies for tax treatment under 26 U.S.C. § 1341.  Section 1341 states, in relevant part:

> § 1341.  Computation of tax where taxpayer restores substantial amount held under claim of right.
>
>     (a) General rule.  If–
>      (1) an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item;
>      (2) a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item or to a portion of such item; and
>      (3) the amount of such deduction exceeds $ 3,000,
>
> then the tax imposed by this chapter [26 USCS §§ 1 et seq.] for the taxable year shall be the lesser of the following:
>      (4) the tax for the taxable year computed with such deduction; or
>      (5) an amount equal to–
>       (A) the tax for the taxable year computed without such deduction, minus
>       (B) the decrease in tax under this chapter [26 USCS §§ 1 et seq.] (or the corresponding provisions of prior revenue laws) for the prior taxable year (or years) which would result solely from the exclusion of such item (or portion thereof) from gross income for such prior taxable year (or years). . . .
>
>     (b) Special rules.
> . . .  (2) Subsection (a) does not apply to any deduction allowable with respect to an item which was included in gross income by reason of the sale or other disposition of stock in trade of the taxpayer (or other property of a kind which would properly have been included in the inventory of the taxpayer if on hand at the close of the prior taxable year) or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business. . . .

26 U.S.C. § 1341. From 1973-1981, Plaintiff sold oil above certain government mandated price-ceilings (the "Overcharges"). Plaintiff subsequently repaid the Overcharges through settlements with the Department of Energy and a third party.

2

During the hearing, the Court found that there was a genuine dispute of material fact as to whether Plaintiff had met its burden, pursuant to 26 U.S.C. § 1341(a)(1), of establishing that it appeared from 1973-1981 that it had an unrestricted right to the Overcharges. In addition, Plaintiff asserted, and Defendant agreed, that Plaintiff had satisfied its burden by demonstrating that the Overcharges had been restored to customers. Accordingly, the Court found that Plaintiff had met its burden pursuant to § 1341(a)(2).

After engaging the parties in extensive dialogue regarding their respective interpretations of § 1341(b)(2), the Court took the matter under submission. Upon further consideration of the arguments presented in the parties' papers, the discussion during the hearing and the authorities cited in support of their respective positions, the Court reaches the following conclusions regarding the interpretation of § 1341(b)(2).

As a preliminary matter, the Court finds that § 1341(b)(2) is ambiguous because it is reasonably susceptible to at least two interpretations. Because of this ambiguity, the Court looks to sources outside of the text of the statute. Such sources include the treasury regulations interpreting the statute, the legislative history, and case authority. The Court finds that Plaintiff's narrow interpretation of § 1341(b)(2) is supported by these sources. Moreover, the parties have stipulated to the pertinent facts. (Joint Statement of Undisputed Facts, ¶ 33.) Therefore, because the Court finds that Plaintiff's interpretation of § 1341(b)(2) is consistent with the statute and with relevant sources outside of the statute, it also finds, taking into account the parties' stipulation, that § 1341(b)(2) does not preclude Plaintiff from seeking tax treatment under § 1341(a).

**CONCLUSION**

For the foregoing reasons, the Court DENIES both Defendant's Motion and Plaintiff's Cross-Motion.

IT IS SO ORDERED.

Dated: 6-16-05

/s/ Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge

3